**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LEONIDES FIGUEROA, MARIO RAMOS, | § | |
| ANTONIO REYES, JUAN SANCHEZ- | § | |
| RANGEL, ARTURO SANCHEZ-BOTELLO, | § | |
| PEDRO MACIAS, REFUGIO REYES, | § | |
| JOSE LUIS LOPEZ, ARNOLDO CHARLES, | § | |
| AGUSTIN BRISENO, ROBERTO | § | |
| IRACHETA, and ISRAEL MATA, | § | |
| | § | Civil Action No.1:12-cv-00148 |
| Plaintiffs, | § | |
| | § | |
| *VERSUS* | § | |
| | § | |
| PIONEER HI-BRED INTERNATIONAL | § | Jury Trial Demanded |
| INC., ABEL CUELLO, JR., and | § | |
| E& B HARVESTING & TRUCKING, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I.  PRELIMINARY STATEMENT

This is an action for damages and declaratory relief brought against Defendants by twelve

(12) Plaintiffs whom Defendants employed to perform migrant agricultural work and housed

during the 2009 and 2010 Indiana corn detasseling seasons. The action is based on Defendants'

violation of Plaintiffs' rights under the Migrant and Seasonal Agricultural Worker Protection

Act, 29 U.S.C. §§ 1801-23, 1841-42 (hereafter, the AWPA) and the Fair Labor Standards Act of

1938, 29 U.S.C. §§ 201-219 (hereafter, the FLSA) and includes state law claims of breach of

contract, promissory estoppel, and *quantum meruit*.

## II.    JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

2.      The federal claims in this action are authorized and instituted pursuant to 29 U.S.C. §§ 1854(a) and 216(b).

3.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Tex. Civ. Prac. & Rem. Code§§ 37.001-.011.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), and 29 U.S.C. §§ 1854(a), 216(b).

## III.  PARTIES

**A.    Plaintiffs:**

6.      All of the Plaintiffs are migrant agricultural workers residing in or near Cameron County, Texas who performed agricultural work for Defendants in Indiana in 2009 and/or 2010.

7.      Some or all of the Plaintiffs, including ARNOLDO CHARLES, LEONIDES FIGUEROA, JOSE LUIS LOPEZ, PEDRO MACIAS, MARIO RAMOS, ANTONIO REYES, REFUGIO REYES, JUAN SANCHEZ-RANGEL, and ARTURO SANCHEZ-BOTELLO performed agricultural work for Defendants in Indiana in 2009.

8.      Some or all of the Plaintiffs, including AGUSTIN BRISENO, ARNOLDO CHARLES, ROBERTO IRACHETA, JOSE LUIS LOPEZ, ISRAEL MATA, ARTURO

SANCHEZ-BOTELLO and MARIO RAMOS performed agricultural work for Defendants in Indiana in 2010.

9.      Those Plaintiffs who performed agricultural work for Defendants in Indiana in 2009 will be referred to herein as the "2009 Plaintiffs."

10.      Those Plaintiffs who performed agricultural work for Defendants in Indiana in 2010 will be referred to herein as the "2010 Plaintiffs."

**B.   Defendant Pioneer:**

11.      Defendant Pioneer is an Iowa corporation.  Its principal place of business is in Des Moines, Polk County, Iowa.

12.      Defendant Pioneer has numerous business operations in Texas, including agricultural seed corn fields and related facilities in the Rio Grande Valley of Texas.

13.      At all times relevant hereto, Pioneer has maintained continuous, systematic and substantial contacts with Texas by, *inter alia*, maintaining one or more permanent places of business in Texas.

14.      At all times relevant to this action, Defendant Pioneer did business in the state of Texas by recruiting Texas residents, including Plaintiffs, directly and/or through intermediaries, including Defendants E&B Harvesting, Inc. ("E&B") and Cuello, Jr., in Texas for employment outside of Texas.

15.      Process may be served upon Pioneer's registered agent in Iowa, Judith McKay, at 5700 Merle Hay Rd., Johnston, IA 50131-1014, or upon Pioneer's registered agent for service of process in Texas, CT Corporation System, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201-4234.

**C.      Defendant E&B Harvesting, Inc.:**

16.      Defendant E&B Harvesting & Trucking, Inc. is a Florida corporation which is headquartered in Collier County, Florida.

17.      Defendant E&B in 2009 and 2010 supplied migrant agricultural workers, including the Plaintiffs, to Pioneer by recruiting, soliciting, hiring, employing, furnishing or transporting them for agricultural employment in corn detasseling in the area of Pioneer's Plymouth, Indiana plant.

18.      Defendant E& B supplied migrant agricultural workers, including the Plaintiffs, to Pioneer for money or other valuable consideration in 2009 and 2010.

19.      Process may be served upon E&B's registered agent for service of process, Yolanda Cuello, at 2181 Red Bird Lane, Naples, Florida, 34142.

**D.      Defendant Abel Cuello, Jr.:**

20.      Defendant Abel Cuello, Jr., resides in Naples, Florida.

21.      At all times relevant hereto, Defendant Cuello acted as the agent of Defendant E&B or vice versa.

22.      Defendant Cuello, Jr. in 2009 and 2010 supplied migrant agricultural workers, including the Plaintiffs, to Pioneer by recruiting, soliciting, hiring, employing, furnishing or transporting them for agricultural employment in corn detasseling in the area of Pioneer's Plymouth, Indiana plant.

23.      Defendant Cuello Jr. supplied migrant agricultural workers, including the Plaintiffs to Pioneer for money or other valuable consideration in 2009 and 2010.

24.      Process may be served upon Defendant Cuello, Jr., at his personal residence in Naples, Florida, or where he may be found.

## IV.    STATEMENT OF FACTS

**A.    Recruitment in Texas in 2009.**

25.       In the summer of 2009, Defendant Pioneer by its agents, E&B and Cuello, Jr., recruited, solicited and hired the 2009 Plaintiffs to detassel corn in the Plymouth, Indiana area. Detasseling corn is a step in the production of hybrid seed corn.

26.       In the summer of 2009, Defendant E&B by its agents including Defendant Cuello, Jr., recruited, solicited, and hired the 2009 Plaintiffs to detassel corn in the Plymouth, Indiana area.

27.       Defendant Pioneer in 2009, prior to the time when the 2009 Plaintiffs were recruited, authorized Defendants E&B and Cuello, Jr. as its agents to recruit, solicit and hire migrant agricultural workers to detassel corn in Indiana, and to take actions needed to accomplish this purpose.

28.       Defendant Cuello, Jr. recruited, solicited and hired the 2009 Plaintiffs in the Brownsville, Texas area for summer agricultural work detasseling corn in Indiana, while acting on behalf of, and as an agent of, Defendant Pioneer and Defendant E&B.

29.       At the time when Defendants recruited the 2009 Plaintiffs for agricultural work detasseling corn in Indiana, Defendants did not disclose in writing to each of the 2009 Plaintiffs at the time of such recruitment:

   (1) the place of employment;

   (2) the wage rates to be paid;

   (3) the crops and kinds of activities on which the worker may be employed;

   (4) the period of employment;

   (5) the transportation, housing, and any other employee benefit to be provided, if any, and any costs to be charged for each of them;

(6) the existence of any strike or other concerted work stoppage, slowdown, or interruption of operations by employees at the place of employment;

(7) the existence of any arrangements with any owner or agent of any establishment in the area of employment under which the farm labor contractor, the agricultural employer, or the agricultural association is to receive a commission or any other benefit resulting from any sales by such establishment to the workers; and

(8) whether State workers' compensation insurance is provided, and, if so, the name of the State workers' compensation insurance carrier, the name of the policyholder of such insurance, the name and the telephone number of each person who must be notified of an injury or death, and the time period within which such notice must be given.

30.     Defendants did not disclose in writing at the time of recruitment the location, terms or conditions of the housing, or that the housing to be provided lacked cooking facilities and that the farm labor contractors, E&B and/or Cuello, Jr., had an arrangement with relatives of Cuello who would sell food to the workers at prices that benefited farm labor contractors E&B and/or Cuello, Jr.

31.     At the time when Defendant Cuello, Jr. recruited, solicited and hired the 2009 Plaintiffs in the Brownsville, Texas area for detasseling work in Indiana, Defendant Cuello, Jr. was registered as a farm labor contractor with the U.S. Department of Labor.  This registration only authorized Defendant Cuello, Jr. to engage in the basic farm labor contractor activity of recruiting workers and to drive workers (Cuello, Jr. was approved for "driving activities – DA").

32.     During the 2009 Indiana detasseling season, Defendant Cuello, Jr. was not authorized by the U.S. Department of Labor to perform any of the following farm labor contactor activities: "housing activities – HA" or "transportation activities – TA".

33.      During the 2009 Indiana detasseling season, no one was registered with the U.S. Department of Labor as a "farm labor contractor employee – FLCE" of Defendant Cuello, Jr.

34.      At the time when Defendant Cuello, Jr. recruited, solicited and hired the 2009 Plaintiffs in the Brownsville, Texas area, Defendants offered the 2009 Plaintiffs agricultural employment with Defendants in Indiana during the summer of 2009.  The 2009 Plaintiffs accepted the offer.

35.      At the time when Defendant Cuello, Jr. recruited, solicited and hired the 2009 Plaintiffs in the Brownsville, Texas area, Defendant Cuello, Jr., acting as an agent of Defendant Pioneer and Defendant E&B, orally provided false and misleading information about that employment to the 2009 Plaintiffs that varied from worker to worker.

36.      The false and misleading information that Defendant Cuello, Jr. provided at the time of recruitment to the 2009 Plaintiffs included oral representations to the effect that, if they traveled to Indiana to work for Defendants in detasseling, they would:

   a.  work for four or five weeks, sun up to sun down, at $8.00 per hour;

   b.  receive $60 upon their arrival in Indiana so that they could use this "arrival pay" to buy food while waiting for their first paychecks;

   c.  be housed, free of charge, during the working season; and

   d.  receive an end of season bonus, the exact amount of which was never disclosed, but Defendant Cuello, Jr. introduced some of the 2009 Plaintiffs at the time of recruitment to a person he said had done detasseling work in the past for the Defendants, and this person at that time in Defendant Cuello, Jr.'s presence told the 2009 Plaintiffs that he had received an $800 end-of-season bonus.

37.     Defendants' offer to the 2009 Plaintiffs of work in Indiana, coupled with the Plaintiffs' acceptance of that offer, created a "working arrangement" between those Plaintiffs and Defendants within the meaning of AWPA, 29 U.S.C. 1822(c).

38.     Among other things, the working arrangement between the 2009 Plaintiffs and Defendants called for the 2009 Plaintiffs to leave their places of residence in and near Cameron County, Texas and to travel from Texas to Indiana to work for the Defendants.

39.     The working arrangement between Defendants and the 2009 Plaintiffs implicitly included, as a material term, a promise by Defendants to comply with applicable federal and state labor protection standards, including health and safety standards in the workplace.

40.     At the time when the 2009 Plaintiffs were recruited in Texas, Defendants did not provide some or all of the 2009 Plaintiffs any written disclosures of the terms and conditions of the employment for which they recruited Plaintiffs.

41.     Some of the 2009 Plaintiffs speak or read only Spanish.

42.     Defendants failed to disclose to some or all of the 2009 Plaintiffs, in writing and/or in Spanish at the time of recruitment, the complete terms and conditions of the promised employment.

**B.      Arrival in Indiana in 2009.**

43.     Defendants intended that the 2009 Plaintiffs would rely on their promises and misrepresentations regarding the employment for which they were recruited, thereby inducing the 2009 Plaintiffs to accept Defendants' offer and travel to Indiana to work for Defendants.

44.     Defendants' promises and misrepresentations induced the 2009 Plaintiffs to rely upon and accept Defendants' offer of employment.

45.     Defendants were aware of the 2009 Plaintiffs' conduct undertaken in reliance on Defendants' promises and misrepresentations.

46.     The 2009 Plaintiffs' conduct, undertaken in reliance on Defendants' promises and factual misrepresentations, was reasonable and detrimental to the 2009 Plaintiffs.

47.     Defendants' promises and factual misrepresentations, including those regarding the amount of work to be provided, the "arrival pay" to buy food until the first paychecks were distributed, and the end-of-season bonus, were material to the employment arrangement between the Defendants and the 2009 Plaintiffs.

48.     Among other things, the contract for employment and working arrangement between Defendants and the 2009 Plaintiffs called for the 2009 Plaintiffs to leave their places of residence and to travel from South Texas to Indiana to work for the Defendants.

49.     The 2009 Plaintiffs lost the opportunity to seek other employment opportunities by traveling to Indiana to work for Defendants.

50.     Before the 2009 Plaintiffs left Texas for Indiana, Defendants promised those Plaintiffs that once Plaintiffs arrived in Indiana, they would each receive "arrival pay" so they could have money to buy food before the first payday.

51.     Most or all of the 2009 Plaintiffs did not receive the promised arrival payment within their first week of arrival.

52.     Some of the 2009 Plaintiffs, who had relied on the promise that they would receive this pay so they could buy food while waiting for their first paychecks, did not receive the "arrival pay" until approximately two weeks after they arrived in Indiana.

**C.      Housing in 2009.**

53.      Defendants housed the 2009 Plaintiffs at the Economy Inn, located at 2535 N. Michigan Street, Plymouth, Indiana 46563.

54.      Upon information and belief, the housing provided to the 2009 Plaintiffs by Defendants at the Economy Inn was not of the same character, or provided on the same or comparable terms or conditions, as was provided by the motel management to the general public who stayed there. For example, the payment and tenant occupancy arrangements, as well as the quality of motel services provided, were substantially different for the 2009 Plaintiffs than for non-farmworkers.

55.      Upon information and belief, the Economy Inn was contracted for construction and actually constructed after April 3, 1980.

56.      Accordingly, the housing provided by Defendants to the 2009 Plaintiffs at the Economy Inn should have complied with the substantive federal safety and health standards for housing furnished to migrant agricultural workers promulgated by the Occupational Safety and Health Act ("OSHA") located at 29 C.F.R. § 1910.142.

57.      Upon information and belief, Defendants controlled the housing facility. For example, some of the 2009 Plaintiffs received their room assignments and keys from Defendant Cuello, Jr.

58.      Upon information and belief, the Economy Inn housing that Defendants provided to the 2009 Plaintiffs did not comply with substantive federal and state safety standards for housing furnished to migrant agricultural workers, including the OSHA migrant camp standards at 29 C.F.R. § 1910.142.

59.      Defendant Cuello, Jr. and/or Defendant E&B assigned the 2009 Plaintiffs their rooms, which each contained two beds.  Cuello and/or Defendant E&B assigned more workers to each

room than there were beds, so that some of the 2009 Plaintiffs had to share a bed with an unrelated individual or sleep on the floor.

60.     The housing Defendants provided to the 2009 Plaintiffs was in poor condition and overcrowded.  It did not meet the minimum health and safety standards specified under the AWPA and OSHA, under its attendant regulations, or under applicable state law, because of conditions that included, *inter alia*:

      A.          Overcrowding;

      B.          Insufficient number of beds;

      C.          Facilities for cooking and eating were not provided or equipped as required by applicable state and federal regulations.

61.     The housing provided to the 2009 Plaintiffs lacked cooking facilities and relatives of Cuello sold food to the workers at prices that benefited farm labor contractors E&B and/or Cuello, Jr.

62.     Upon information and belief, Defendants failed to obtain certification from a State or local health authority or other appropriate agency that the housing met substantive Federal safety and health standards for migrant farm worker housing, before using it to house the 2009 Plaintiffs.

63.     Upon information and belief, Defendants failed to post a copy of the certificate of occupancy in the housing, before using it to house the 2009 Plaintiffs.

64.     Upon information and belief, Defendants did not post in a conspicuous place or present to the 2009 Plaintiffs any statement of the terms and conditions of occupancy of the housing.

65.      Defendant Pioneer in 2009 utilized Defendants Cuello, Jr. and E&B to supply migrant agricultural workers (including the Plaintiffs) to Pioneer by, *inter alia*, housing the workers in Indiana.

66.      In 2009 Defendant Cuello, Jr. did not have authorization from the U.S. Department of Labor to engage in the farm labor contracting activities of "housing activities- HA."

67.      Upon information and belief, in 2009 Defendant E&B did not have authorization from the U.S. Department of Labor to engage in the farm labor contracting activities of "housing activities- HA."

68.      Defendant Pioneer in 2009 utilized the services of Defendant Cuello, Jr. to house workers, including the Plaintiffs, without first taking reasonable steps to determine whether Defendant Cuello, Jr. possessed a certificate of registration from the U.S. Department of Labor that authorized him to house migrant agricultural workers.

69.      Upon information and belief, Defendant Pioneer in 2009 utilized the services of Defendant E&B to house workers, including the Plaintiffs, without first taking reasonable steps to determine whether Defendant E&B possessed a certificate of registration from the U.S. Department of Labor that authorized E&B to house migrant agricultural workers.


**D.      Pay and Working Conditions in 2009.**

70.      The 2009 Plaintiffs detasseled corn for Defendants in and near the Plymouth, Indiana area in 2009.

71.      Detasseling is labor-intensive work performed on the corn while it is still planted in the field.  The tassel at the top of each of the corn stalks in a row is removed by hand.  Rows can be between a half-mile and a mile long.

72.      Defendants did not provide the 2009 Plaintiffs with the amount of work Defendants had promised. For example, once they arrived, some of the 2009 Plaintiffs waited approximately one week to begin work.

73.      Once work finally began, Defendants failed to pay the 2009 Plaintiffs their wages owed, in full, when due.

74.      Defendants failed to pay each of the 2009 Plaintiffs not less than the federal minimum wage for each hour worked by each Plaintiff for the Defendants.  For example, Defendants failed to pay each of the 2009 Plaintiffs for all hours for which the 2009 Plaintiffs were entitled to compensation.  Among other uncompensated time, Defendants did not (in each pay period) pay each of the 2009 Plaintiffs for working time spent being transported from one field to the next. Defendants did not pay some Plaintiffs their final paychecks.

75.      Defendants failed to pay the bonuses that they had promised to pay the 2009 Plaintiffs at the end of the season.  For example, the 2009 Plaintiffs were told bonuses would be mailed to them with their final paycheck, but some of the 2009 Plaintiffs did not receive the bonus.

76.      Defendants failed to provide each 2009 Plaintiff with accurate wage statements.  For example, the 2009 Plaintiffs' pay stubs do not show the rate of pay per hour nor do they show the number of acres worked.

77.      On information and belief, Defendants did not make available to the 2009 Plaintiffs for inspection at the jobsite a written statement of the terms and conditions of employment

78.      The 2009 Plaintiffs would not have accepted Defendants' offer of employment, nor would they have traveled to Indiana in reliance on Defendants' promises, if Defendants had represented to them, accurately, truthfully and without falsity, the actual terms, conditions and existence of the work (including, but not limited to:  the fact they would not receive any pay

advance to buy food prior to the first payday; that the housing would lack cooking facilities and that to eat, they would need to buy food at high prices from relatives of the farm labor contractor; the truth about the end-of-season bonus amounts they could reasonably expect to receive; the truth about the weeks and hours of work that would in fact be available; the actual hourly and weekly wage; the actual wages they could expect to earn in the course of the season; and the housing conditions (including the fact they would have to share beds).

79.     Upon information and belief, Defendants Cuello, Jr. and E&B did not provide Defendant Pioneer with copies of accurate payroll records including all hours worked by the 2009 Plaintiffs.

80.     Upon information and belief, therefore Defendants' payroll records were inaccurate because they underreported the actual number of hours the 2009 Plaintiffs spent detasseling fields on various workdays and did not include time spent traveling on the bus between one field and the next after the work day had begun.

81.     Upon information and belief, Defendants did not maintain payroll records accurately reflecting the number of hours worked by each of the 2009 Plaintiffs and the number of piece rate units worked by each 2009 Plaintiff.

82.     Defendants provided pay statements to the 2009 Plaintiffs that did not accurately show or reflect the number of hours the 2009 Plaintiffs worked during each pay period.

83.     Defendants did not provide accessibly located toilets and hand washing facilities for the 2009 Plaintiffs while the 2009 Plaintiffs were working, as required by 29 C.F.R. 1928.110. On information and belief, the portable toilets provided by Defendants in the fields in 2009 were more than a quarter mile from where the 2009 Plaintiffs performed their work.

84.     Upon information and belief, Defendants failed to afford the 2009 Plaintiffs reasonable opportunity to use the water and toilet facilities as required by 29 C.F.R. 1928.110, because Defendant Cuello, Jr. would tell the 2009 Plaintiffs that taking a bathroom break would affect their end-of-season bonus.

85.     Defendants did not consistently provide adequate clean, suitably cool, and accessible drinking water for the 2009 Plaintiffs while they were working in the fields.

**E. Transportation in 2009**

86.     Upon information and belief, Defendant Pioneer utilized the services of Defendants E&B and Cuello, Jr. to supply migrant agricultural workers to Pioneer in 2009 by, *inter alia*, Defendants E&B and Cuello, Jr.'s transporting and/or causing the transportation of the 2009 Plaintiffs and other migrant workers from Texas to Indiana.

87.     Upon information and belief, Defendants Pioneer, E&B and/or Cuello, Jr. in 2009caused one or more vehicles to be used to transport the 2009 Plaintiffs from Texas to Indiana.

88.     Upon information and belief, Defendants Pioneer, E&B and Cuello, Jr. in 2009 did not ensure that each vehicle used to transport the 2009 Plaintiffs to Indiana conformed to the standards prescribed by the Secretary of Labor under AWPA and other applicable Federal and state safety standards.

89.     During the 2009 Indiana detasseling season, Defendant Pioneer also utilized the services of Defendant E&B and Defendant Cuello, Jr., to supply migrant agricultural workers (including the 2009 Plaintiffs) by, *inter alia*, causing the transportation of those migrant agricultural workers to and from various work sites within Indiana and in nearby counties of neighboring states.

90.      On information and belief, Defendants in 2009caused the transportation of the 2009 Plaintiffs to and from the work sites in transportation that did not comply with federal or state safety laws.

91.      On information and belief, Defendants in 2009 utilized Defendant Cuello, Jr.'s services and the services of Defendant E&B to supply the Plaintiff migrant agricultural workers to Pioneer by, *inter alia*, transporting the 2009 Plaintiffs both between Texas and Indiana, and to and from the Plaintiffs' work sites.

92.      Upon information and belief, Defendant Cuello, Jr. in 2009 did not have authorization from the U.S. Secretary of Labor to transport migrant agricultural workers.

93.      Upon information and belief, Defendant E&B in 2009 did not have authorization from the U.S. Secretary of Labor to transport migrant agricultural workers.

94.      Upon information and belief, Defendant Pioneer in 2009 utilized the services of Defendant Cuello, Jr. to transport the 2009 Plaintiffs and other migrant agricultural workers from Texas to Indiana and back to Texas without first taking reasonable steps to determine whether or not Cuello, Jr. possessed a certificate of registration from the U.S. Department of Labor that authorized him to transport migrant farm workers.

95.      Upon information and belief, Defendant Pioneer in 2009 utilized the services of Defendant E&B to transport the 2009 Plaintiffs and other migrant agricultural workers from Texas to Indiana and back to Texas without first taking reasonable steps to determine whether or not E&B possessed a certificate of registration from the U.S. Department of Labor that authorized E&B to transport migrant farm workers.

96.     At all times relevant hereto, the 2009 Plaintiffs were ready to comply, and did in fact comply, with the terms of the working arrangement and contract between themselves and the Defendants.

97.     Defendants violated without justification their agreement and breached their contracts with the 2009 Plaintiffs by not complying with all the terms and conditions Defendants promised at the time of recruitment.

98.     Defendants failed to pay the 2009 Plaintiffs not less than the minimum wage for all hours that each of the 2009 Plaintiffs worked for Defendants in the summer of 2009.

99.     As a consequence of the facts discussed above, each of the 2009 Plaintiffs suffered injury as a result of the Defendants' actions and omissions, violations of the working agreements, and breach of contract.

100.     At all times relevant hereto, Defendant E&B acted as the agent of Defendant Pioneer and acted within the scope of its authorized duties.

101.     At all times relevant hereto, Defendant Cuello, Jr. acted as the agent of Defendant Pioneer, and acted within the scope of his authorized duties.

102.     At all times relevant hereto, Defendant Cuello, Jr. acted as the agent of Defendant E&B, and acted within the scope of his authorized duties.

103.     All of the actions and omissions set forth herein were undertaken by Defendants either directly or through their agents, who were acting within the scope of their authorized duties.

104.     All conditions precedent were performed or occurred.

### F.  Recruitment in Texas in 2010.

105.     In the summer of 2010, Defendant Pioneer by its agents, E&B and Cuello, Jr., recruited, solicited and hired the 2010 Plaintiffs to detassel corn in the Plymouth, Indiana area. Detasseling corn is a step in the production of hybrid seed corn.

106.     In the summer of 2010, Defendant E&B by its agents including Defendant Cuello, Jr., recruited, solicited, and hired the 2010 Plaintiffs to detassel corn in the Plymouth, Indiana area.

107.     Defendant Pioneer in 2010, prior to the time when the 2010 Plaintiffs were recruited, authorized Defendants E&B and Cuello, Jr. as its agents to recruit, solicit and hire migrant agricultural workers to detassel corn in Indiana, and to take actions needed to accomplish this purpose.

108.     In 2010, Defendant Cuello, Jr. recruited, solicited and hired the 2010 Plaintiffs in the Brownsville, Texas area for summer agricultural work detasseling corn in Indiana, while acting on behalf of, and as an agent of, Defendant Pioneer and Defendant E&B.

109.     At the time in 2010 when Defendants recruited the 2010 Plaintiffs for agricultural work detasseling corn in Indiana, Defendants did not completely and accurately disclose in writing to each of the 2010 Plaintiffs at the time of such  recruitment all of the following information:

   (1) the place of employment;

   (2) the wage rates to be paid;

   (3) the crops and kinds of activities on which the worker may be employed;

   (4) the period of employment;

   (5) the transportation, housing, and any other employee benefit to be provided, if any, and any costs to be charged for each of them;

(6) the existence of any strike or other concerted work stoppage, slowdown, or interruption of operations by employees at the place of employment;

(7) the existence of any arrangements with any owner or agent of any establishment in the area of employment under which the farm labor contractor, the agricultural employer, or the agricultural association is to receive a commission or any other benefit resulting from any sales by such establishment to the workers; and

(8) whether State workers' compensation insurance is provided, and, if so, the name of the State workers' compensation insurance carrier, the name of the policyholder of such insurance, the name and the telephone number of each person who must be notified of an injury or death, and the time period within which such notice must be given.

110.    Defendants did not disclose in writing at the time of recruitment the location, terms or conditions of the housing, or that the housing to be provided lacked cooking facilities and that the farm labor contractors, E&B and/or Cuello, Jr., had an arrangement with relatives of Cuello who would sell food to the workers at prices that benefited farm labor contractors E&B and/or Cuello, Jr.

111.    At the time when Defendant Cuello, Jr. recruited, solicited and hired the 2010 Plaintiffs in the Brownsville, Texas area for detasseling work in Indiana, Defendant Cuello, Jr. was registered as a farm labor contractor with the U.S. Department of Labor.  This registration only authorized Defendant Cuello, Jr. to engage in the basic farm labor contractor activity of recruiting workers and to drive workers (Cuello, Jr. was approved for "driving activities – DA").

112.    During the 2010 Indiana detasseling season, Defendant Cuello, Jr. was not authorized by the U.S. Department of Labor to perform any of the following farm labor contactor activities: "housing activities – HA" or "transportation activities – TA".

113.     During the 2010 Indiana detasseling season, no one was registered with the U.S. Department of Labor as a "farm labor contractor employee – FLCE" of Defendant Cuello, Jr.

114.     At the time when Defendant Cuello, Jr. recruited, solicited and hired the 2010 Plaintiffs in the Brownsville, Texas area, Defendants offered the 2010 Plaintiffs agricultural employment with Defendants in Indiana during the summer of 2010.  The 2010 Plaintiffs accepted the offer.

115.     At the time when Defendant Cuello, Jr. recruited, solicited and hired the 2010 Plaintiffs in the Brownsville, Texas area, Defendant Cuello, Jr., acting as an agent of Defendant Pioneer and Defendant E&B, orally provided false and misleading information about that employment to the 2010 Plaintiffs that varied from worker to worker.

116.     The false and misleading information that Defendant Cuello, Jr. provided at the time of recruitment to the 2010 Plaintiffs included oral representations to the effect that, if they traveled to Indiana to work for Defendants in detasseling, they would:

    a.   work for five or six weeks, 10 to 12 hours per day, at $8.00 per hour;

    b.   receive "arrival pay" upon their arrival in Indiana so that they could use this "arrival pay" to buy food while waiting for their first paychecks;

    c.   be housed, free of charge, during the working season; and

    d.   receive an end of season bonus, the anticipated amount of which was not disclosed.

117.     Defendants' offer to the 2010 Plaintiffs of work in Indiana, coupled with the Plaintiffs' acceptance of that offer, created a "working arrangement" between those Plaintiffs and Defendants within the meaning of AWPA, 29 U.S.C. 1822(c).

118.     Among other things, the working arrangement between the 2010 Plaintiffs and Defendants called for the 2010 Plaintiffs to leave their places of residence in and near Cameron County, Texas and to travel from Texas to Indiana to work for the Defendants.

119.     The working arrangement between Defendants and the 2010 Plaintiffs implicitly included, as a material term, a promise by Defendants to comply with applicable federal and state labor protection standards, including health and safety standards in the employer-provided housing and in the workplace.

120.     Some of the 2010 Plaintiffs speak or read only Spanish.

121.     Defendants failed to disclose to some or all of the 2010 Plaintiffs, in writing and/or in Spanish, at the time of recruitment, the complete terms and conditions of the promised employment.

**G.     Arrival in Indiana in 2010.**

122.     Defendants intended that the 2010 Plaintiffs would rely on their promises and misrepresentations regarding the employment for which they were recruited, thereby inducing the 2010 Plaintiffs to accept Defendants' offer and travel to Indiana to work for Defendants.

123.     Defendants' promises and misrepresentations induced the 2010 Plaintiffs to rely upon and accept Defendants' offer of employment.

124.     Defendants were aware of the 2010 Plaintiffs' conduct undertaken in reliance on Defendants' promises and misrepresentations.

125.     The 2010 Plaintiffs' conduct, undertaken in reliance on Defendants' promises and factual misrepresentations, was reasonable and detrimental to the 2010 Plaintiffs.

126.     Defendants' promises and factual misrepresentations, including those regarding the amount of work to be provided, the "arrival pay" to buy food in the days before the first

paychecks were distributed, and the end-of-season bonus, were material to the employment arrangement between the Defendants and the 2010 Plaintiffs.

127.     Among other things, the contract for employment and working arrangement between Defendants and the 2010 Plaintiffs called for the 2010 Plaintiffs to leave their places of residence and to travel from South Texas to Indiana to work for the Defendants.

128.     The 2010 Plaintiffs lost the opportunity to seek other employment opportunities by traveling to Indiana to work for Defendants.

129.     Before the 2010 Plaintiffs left Texas for Indiana, Defendants promised those Plaintiffs that once Plaintiffs arrived in Indiana, they would each receive "arrival pay" so they could have money to buy food before the first payday.

130.     Most or all of the 2010 Plaintiffs did not receive the promised arrival payment before the first payday.


**H.      Housing in 2010.**

131.     Defendants housed the 2010 Plaintiffs at a motel in the Plymouth, Indiana area.

132.     Upon information and belief, the housing provided to the 2010 Plaintiffs by Defendants at the motel was not of the same character, or provided on the same or comparable terms or conditions, as was provided by the motel management to the general public who stayed there. For example, the payment and tenant occupancy arrangements, as well as the quality of motel services provided, were substantially different for the 2010 Plaintiffs than for non-farmworkers.

133.     Upon information and belief, Defendants controlled the housing facility. For example, some of the 2010 Plaintiffs received their room assignments and keys from Defendant Cuello, Jr.

134.     Upon information and belief, the housing that Defendants provided to the 2010 Plaintiffs did not comply with substantive federal and state safety standards for housing furnished to migrant agricultural workers, including the standards at 20 C.F.R. §654.400 et seq. and the OSHA migrant camp standards at 29 C.F.R. § 1910.142.

135.     Defendant Cuello, Jr. and/or Defendant E&B assigned the 2010 Plaintiffs their rooms. The housing Defendants provided to the 2010 Plaintiffs was in poor condition and overcrowded. It did not meet the minimum health and safety standards specified under the AWPA and OSHA, under its attendant regulations, or under applicable state law, because of conditions that included, *inter alia*:

    A.  Facilities for cooking and eating were not provided or equipped as required by applicable state and federal regulations.

136.     The housing provided to the 2010 Plaintiffs lacked cooking facilities and relatives of Cuello sold food to the workers at prices that benefited farm labor contractors E&B and/or Cuello, Jr.

137.     Upon information and belief, Defendants failed to obtain certification from a State or local health authority or other appropriate agency that the housing met substantive Federal safety and health standards for migrant farm worker housing, before using it to house the 2010 Plaintiffs.

138.     Upon information and belief, Defendants failed to post a copy of the certificate of occupancy in the housing, before using it to house the 2010 Plaintiffs.

139.     Upon information and belief, Defendants did not post in a conspicuous place or present to the 2010 Plaintiffs any statement of the terms and conditions of occupancy of the housing.

140.    Defendant Pioneer in 2010 utilized Defendants Cuello, Jr. and E&B to supply migrant agricultural workers (including the 2010 Plaintiffs) to Pioneer by, *inter alia*, housing the workers in Indiana.

141.    In 2010 Defendant Cuello, Jr. did not have authorization from the U.S. Department of Labor to engage in the farm labor contracting activities of "housing activities- HA."

142.    Upon information and belief, in 2010 Defendant E&B did not have authorization from the U.S. Department of Labor to engage in the farm labor contracting activities of "housing activities- HA."

143.    Defendant Pioneer in 2010 utilized the services of Defendant Cuello, Jr. to house workers, including the Plaintiffs, without first taking reasonable steps to determine whether Defendant Cuello, Jr. possessed a certificate of registration from the U.S. Department of Labor that authorized him to house migrant agricultural workers.

144.    Upon information and belief, Defendant Pioneer in 2010 utilized the services of Defendant E&B to house workers, including the Plaintiffs, without first taking reasonable steps to determine whether Defendant E&B possessed a certificate of registration from the U.S. Department of Labor that authorized E&B to house migrant agricultural workers.


B.    **Pay and Working Conditions in 2010.**

145.    The 2010 Plaintiffs detasseled corn for Defendants in and near the Plymouth, Indiana area in 2010.

146.    Detasseling is labor-intensive work performed on the corn while it is still planted in the field.  The tassel at the top of each of the corn stalks in a row is removed by hand.  Rows can be between a half-mile and a mile long.

147.    Defendants did not provide the 2010 Plaintiffs with the amount of work Defendants had promised. For example, once they arrived, some of the 2010 Plaintiffs waited approximately one week to begin work.

148.    Once work finally began, Defendants failed to pay the 2010 Plaintiffs their wages owed, in full, when due.

149.    Defendants failed to pay each of the 2010 Plaintiffs not less than the federal minimum wage for each hour worked by each Plaintiff for the Defendants.  For example, Defendants failed to pay each of the 2010 Plaintiffs for all hours for which the 2010 Plaintiffs were entitled to compensation. Among other uncompensated time, Defendants did not (in each pay period) pay each of the 2010 Plaintiffs for working time spent in being transported from one field to the next. Defendants did not pay some Plaintiffs their final paychecks.

150.    Defendants failed to pay the bonus amounts that they had led the 2010 Plaintiffs to believe, at recruitment, that they would receive at the end of the season.

151.    Defendants failed to provide each 2010 Plaintiff with accurate wage statements.  For example, the 2010 Plaintiffs' pay stubs do not show the rate of pay per hour or the number of acres detasseled.

152.    On information and belief, Defendants did not make available to the 2010 Plaintiffs for inspection at the jobsite a written statement of the terms and conditions of employment

153.    The 2010 Plaintiffs would not have accepted Defendants' offer of employment, nor would they have traveled to Indiana in reliance on Defendants' promises, if Defendants had represented to them, accurately, truthfully and without falsity, the actual terms, conditions and existence of the work (including, but not limited to:  the fact they would not receive a pay advance to buy food prior to the first payday; that there would not be cooking facilities and that

to eat they would need to buy food at high prices from relatives of the farm labor contractor; the truth about the end-of-season bonus amounts they could reasonably expect to receive; the truth about the weeks and hours of work that would in fact be available; the actual hourly and weekly wage; the actual wages they could expect to earn in the course of the season; and the truth about the housing conditions. Upon information and belief, Defendants Cuello, Jr. and E&B did not provide Defendant Pioneer with copies of accurate payroll records including all hours worked by the 2010 Plaintiffs.

154.   Upon information and belief, therefore Defendants' payroll records were inaccurate because they underreported the actual number of hours the 2010 Plaintiffs spent detasseling fields on various workdays and/or did not include time spent traveling on the bus between one field and the next after the work day had begun.

155.   Upon information and belief, Defendants did not maintain payroll records accurately reflecting the number of hours worked by each of the 2010 Plaintiffs and the number of piece rate units worked by each 2010 Plaintiff.

156.   Defendants provided pay statements to the 2010 Plaintiffs that did not accurately show or reflect the number of hours the 2010 Plaintiffs worked during each pay period.

157.   Defendants did not provide accessibly located toilets and hand washing facilities for the 2010 Plaintiffs while the 2010 Plaintiffs were working, as required by 29 C.F.R. 1928.110: On information and belief, the portable toilets provided by Defendants in the fields in 2010 were more than a quarter mile from where the 2010 Plaintiffs performed their work.

158.   Upon information and belief, Defendants failed to afford the 2010 Plaintiffs reasonable opportunity to use the water and toilet facilities as required by 29 C.F.R. 1928.110,

because Defendant Cuello, Jr. would tell the 2010 Plaintiffs that taking a bathroom break would affect their end-of-season bonus.

159.     Defendants did not consistently provide adequate clean, suitably cool, and accessible drinking water for the 2010 Plaintiffs while they were working in the fields.

**E. Transportation in 2010**

160.     Upon information and belief, Defendant Pioneer utilized the services of Defendants E&B and Cuello, Jr. to supply migrant agricultural workers to Pioneer in 2010by, *inter alia*, Defendants E&B and Cuello, Jr.'s transporting and/or causing the transportation of the 2010 Plaintiffs and other migrant workers from Texas to Indiana.

161.     Upon information and belief, Defendants Pioneer, E&B and/or Cuello, Jr. in 2010caused one or more vehicles to be used to transport the 2010Plaintiffs from Texas to Indiana.

162.     Upon information and belief, Defendants Pioneer, E&B and Cuello, Jr. in 2010did not ensure that each vehicle used to transport the 2010Plaintiffs to Indiana conformed to the standards prescribed by the Secretary of Labor under AWPA and other applicable Federal and state safety standards.

163.     During the 2010 Indiana detasseling season, Defendant Pioneer also utilized the services of Defendant E&B and Defendant Cuello, Jr., to supply migrant agricultural workers (including the 2010 Plaintiffs) by, *inter alia*, causing the transportation of those migrant agricultural workers to and from various work sites within Indiana and in nearby counties of neighboring states.

164.     On information and belief, Defendants in 2010caused the transportation of the
2010Plaintiffs to and from the work sites in transportation that did not comply with federal or
state safety laws.

165.     On information and belief, Defendants in 2010utilized Defendant Cuello, Jr.'s services
and the services of Defendant E&B to supply the Plaintiff migrant agricultural workers to
Pioneer by, *inter alia*, transporting the 2010Plaintiffs both between Texas and Indiana, and to
and from the Plaintiffs' work sites.

166.     Upon information and belief, Defendant Cuello, Jr. in 2010 did not have authorization
from the U.S. Secretary of Labor to transport migrant agricultural workers.

167.     Upon information and belief, Defendant E&B in 2010 did not have authorization from
the U.S. Secretary of Labor to transport migrant agricultural workers.

168.     Upon information and belief, Defendant Pioneer in 2010utilized the services of
Defendant Cuello, Jr. to transport the 2010 Plaintiffs and other migrant agricultural workers from
Texas to Indiana and back to Texas without first taking reasonable steps to determine whether or
not Cuello, Jr. possessed a certificate of registration from the U.S. Department of Labor that
authorized him to transport migrant farm workers.

169.     Upon information and belief, Defendant Pioneer in 2010utilized the services of
Defendant E&B to transport the 2010 Plaintiffs and other migrant agricultural workers from
Texas to Indiana and back to Texas without first taking reasonable steps to determine whether or
not E&B possessed a certificate of registration from the U.S. Department of Labor that
authorized E&B to transport migrant farm workers.

170.     At all times relevant hereto, the 2010 Plaintiffs were ready to comply, and did in fact comply, with the terms of the working arrangement and contract between themselves and the Defendants.

171.     Defendants violated without justification their agreement and breached their contracts with the 2010 Plaintiffs by not complying with all the terms and conditions Defendants promised at the time of recruitment.

172.     Defendants failed to pay the 2010 Plaintiffs not less than the minimum wage for all hours that each of the 2010 Plaintiffs worked for Defendants in the summer of 2010.

173.     As a consequence of the facts discussed above, each of the 2010 Plaintiffs suffered injury as a result of the Defendants' actions and omissions, violations of the working agreements, and breach of contract.

174.     At all times relevant hereto, Defendant E&B acted as the agent of Defendant Pioneer and acted within the scope of its authorized duties.

175.     At all times relevant hereto, Defendant Cuello, Jr. acted as the agent of Defendant Pioneer, and acted within the scope of his authorized duties.

176.     At all times relevant hereto, Defendant Cuello, Jr. acted as the agent of Defendant E&B, and acted within the scope of his authorized duties.

177.     All of the actions and omissions set forth herein were undertaken by Defendants either directly or through their agents, who were acting within the scope of their authorized duties.

178.     All conditions precedent were performed or occurred.

## V.  PLAINTIFFS' CAUSES OF ACTION

## FIRST CAUSE OF ACTION: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

179.     Plaintiffs reincorporate and re-allege paragraphs 1 through 178 of this complaint as is fully set forth herein.

180.     At all times relevant to this action, each of the Plaintiffs was a "migrant agricultural worker" within the meaning of 29 U.S.C. § 1802(8)(A).

181.     At all times relevant to this action, Defendant Pioneer was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

182.     At all times relevant to this action, Defendant Cuello, Jr. was a farm labor contractor within the meaning of 29 U.S.C. § 1807(7).

183.     At all times relevant to this action, Defendant E&B was a farm labor contractor within the meaning of 29 U.S.C. § 1807(7).

184.     Each of the Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 1802(5)(g) during the course of their employment at Pioneer Hi-Bred International, Inc.

185.     At all times relevant to this action, Plaintiffs were engaged in agricultural employment as defined by 29 U.S.C.§ 1802(3).

186.     Defendants intentionally violated Plaintiffs' rights under the AWPA by, *inter alia*:

a.     Failing to disclose in writing all the terms and conditions of employment, as required by 29 U.S.C. §1821(a), at the time each Plaintiff was recruited;

b.     Failing to make available for inspection at the jobsite a written statement of the terms and conditions of employment as required by 29 U.S.C. §§ 1821(b), 1843;

c.      Failing to provide to each Plaintiff the required disclosures in writing, and/or in a language that he could understand, at the time of recruitment, in violation of 29 U.S.C. § 1821(g);

d.      Knowingly providing false and misleading information to Plaintiffs regarding the terms, conditions and existence of agricultural employment, in violation of 29 U.S.C. § 1821(f);

e.      Causing the transportation of Plaintiffs in vehicles without assuring that the vehicle in which Plaintiffs were transported complied with federal and state vehicle safety standards, in violation of 29 U.S.C. § 1841(b);

f.      Violating the terms of the working arrangement made with Plaintiffs, in violation of 29 U.S.C. § 1822(c);

g.      Failing to pay each Plaintiff the wages owed to him when due, in violation of 29 U.S.C. § 1832(a);

h.      Failing to provide adequate pay statements to each Plaintiff setting forth the number of hours for which Plaintiffs had been paid and other required information, in violation of 29 U.S.C. § 1821(d)(2); and

i.      Failing to keep adequate payroll records for each Plaintiff, in violation of 29 U.S.C. § 1821(d)(1).

187.    Defendants intentionally violated Plaintiffs' housing rights under the AWPA by, *inter alia*:

a.      Failing to ensure the housing provided to Plaintiffs complied with applicable substantive federal and state health and safety standards, in violation of 29 U.S.C. § 1823(a);

b.      Failing to obtain and post certification from an appropriate authority that the housing to be provided to Plaintiffs complied with applicable minimum safety and health

standards for migrant housing, before using the facility to house the Plaintiffs, in violation of 29 U.S.C. § 1823(b); and

      c.      Failing to post in a conspicuous place or present to each Plaintiff a statement of the terms and conditions of Plaintiffs' occupancy of the housing, in violation of 29 U.S.C. § 1821(c).

188.   At all times relevant to this action, Defendant Cuello, Jr. acted as a "farm labor contractor", within the meaning of 29 U.S. C. § 1802(7), by performing one or more of the following §1802(6) "farm labor contracting activities": recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or season agricultural worker.

189.   At all times relevant to this action, Defendant E&B acted as a "farm labor contractor", within the meaning of 29 U.S. C. § 1802(7), by performing one or more of the following §1802(6) "farm labor contracting activities": recruiting, soliciting, hiring, employing, furnishing, or transporting any migrant or season agricultural worker.

190.   Defendant Pioneer intentionally violated the Plaintiffs' rights under the AWPA by, *inter alia*: utilizing the services of Defendant Cuello, Jr., and his agents to perform farm labor contractor activities for which they did not have the authorization of the U.S. Department of Labor, without first taking reasonable steps to determine whether Cuello, Jr. was authorized to engage in those activities, in violation of 29 U.S.C. § 1842.

191.   Defendant Pioneer intentionally violated the Plaintiffs' rights under the AWPA by, *inter alia*: utilizing the services of Defendant E&B and its agents to perform farm labor contractor activities for which they did not have the authorization of the U.S. Department of Labor, without first taking reasonable steps to determine whether E&B was authorized to engage in those activities, in violation of 29 U.S.C. § 1842.

192.    Defendants Cuello, Jr. and E&B each intentionally violated Plaintiffs' rights under the AWPA by, *inter alia*:

a.    Failing to provide copies of accurate payroll records to Defendant Pioneer, in violation of 29 U.S.C. § 1821(e);

b.    Failing to possess appropriate FLC registration certificates issued by the U.S. Department of Labor which corresponded with the "farm labor contracting" activities that they performed, more specifically "housing activities" and "transportation activities" in violation of 29 U.S.C. §§ 1812(3), 1812(2); and

c.    Violating the terms of the working arrangement made with Plaintiffs, in violation of 29 U.S.C. § 1822(c) by failing, without justification, to provide work on the terms and conditions that Defendants promised in Texas, and by failing to comply with health and safety standards.

193.    As a direct consequence of the Defendants' violations of Plaintiffs' rights under the AWPA, Plaintiffs suffered substantial injury.

194.    Under the AWPA, Plaintiffs are entitled to receive up to $500 per violation in statutory damages, or their actual damages, for each violation, per season, for which they establish Defendants' liabilities.  Plaintiffs seek the full amount of damages available.


**SECOND CAUSE OF ACTION: FAIR LABOR STANDARDS ACT**

195.    Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 194 as set forth above.

196.    Plaintiffs' claims arise under the FLSA, 29 U.S.C. §§ 201-219, against Defendants.

197.     Defendant Pioneer produces, markets, and sells hybrid seed corn in nearly 70 countries worldwide.  Pioneer sells products worldwide through a variety of organizations, including wholly owned subsidiaries, joint ventures, sales representatives, and independent dealers.

198.     At all times during Plaintiffs' work for Defendants in 2009 and 2010, each of the Plaintiffs was employed in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of FLSA.

199.     Each of the Defendants employed each of the 2009 Plaintiffs within the meaning of 29 U.S.C. § 203(g) in 2009.

200.     Each of the Defendants employed each of the 2010 Plaintiffs within the meaning of 29 U.S.C. § 203(g) in 2010.

201.     At all times relevant to this action, each of the Defendants was Plaintiffs' "employer" within the meaning of FLSA, 29 U.S.C. 203(d).

202.     At all times relevant to this action, except at such times as Plaintiffs may have performed work for Defendants in a state bordering on Indiana that has a minimum wage higher than the Federal minimum, the relevant minimum wage was the federal minimum wage (Indiana adopts the federal minimum wage).

203.     Insofar as Plaintiffs may have performed any work for Defendants in 2009 and/or 2010 in a state that has a minimum wage rate higher than the federal minimum, the relevant minimum wage rate for the hours when Plaintiffs performed such work was the minimum wage rate in effect in the state where Plaintiffs performed the work.

204.     On July 24, 2009, the federal minimum wage rose from $6.55 to $7.25 per hour and it has remained at $7.25 per hour from July 24, 2009 until the date of filing of this Amended Complaint.

205.     Defendants failed to pay Plaintiffs the federal minimum wage for each hour that each of the Plaintiffs worked.

206.     Each of the Defendants violated Plaintiffs' rights under the FLSA by failing to pay each Plaintiff not less than the federal minimum wage for every hour worked by that Plaintiff.

207.     Each of the Defendants' violation of the minimum wage provision of the FLSA was willful within the meaning of 29 U.S.C. §255(a).

208.     Under the FLSA, prevailing Plaintiffs are entitled to receive from Defendants their unpaid minimum wages, an additional equal amount in liquidated damages, and attorneys' fees and costs of court. Accordingly, Plaintiffs seek the full amount of damages available to them plus their reasonable attorneys' fees and costs of court.


**THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

209.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 208 of this complaint as if fully set forth herein.

210.     Defendants entered into an individual employment contract with each Plaintiff at the time when each Plaintiff accepted Defendants' offer of employment.

211.     Defendant Cuello, Jr., acting as an agent for Defendant Pioneer and Defendant E&B, offered employment to Plaintiffs on the terms and conditions he described, if Plaintiffs would travel to Indiana to work on his crew in corn detasseling for Pioneer.

212.     Defendant E&B, acting as an agent for Defendant Pioneer, offered employment to Plaintiffs on the terms and conditions described to Plaintiffs by E&B's agent Cuello, Jr., if Plaintiffs would travel to Indiana to work on E&B's crew in corn detasseling for Pioneer.

213.     By agreeing to travel to Indiana to work for Defendants on the terms described by Cuello, Plaintiffs accepted Defendants' offer.

214.     By traveling from Texas to Indiana and detasseling corn for Defendants in the Plymouth, Indiana area, Plaintiffs performed their obligations under their contract and working arrangement with Defendants.

215.     Plaintiffs further accepted the terms and conditions offered by Defendants when they performed agricultural labor for Defendants at Defendant Pioneer's agricultural operation as members of a crew under the supervision of Defendants Cuello, Jr. and/or E&B.

216.     Defendants breached each contract of employment into which they entered with Plaintiffs by failing to comply with the promised terms and conditions of employment.

217.     Defendants' breach was material.

218.     As a direct consequence of Defendants' breach of the employment contract, Plaintiffs suffered damages and substantial injury.

219.     If Plaintiffs establish Defendants' liability, Defendants are therefore liable to Plaintiffs for Plaintiffs' expectancy, reliance (direct, incidental and consequential damages) and restitution damages, and costs under Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001 (Vernon 2007).


**FOURTH CAUSE OF ACTION: PROMISSORY ESTOPPEL**

220.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 219of this complaint as if fully set forth herein.

221.     Acting in reasonable and detrimental reliance on Defendants' promises regarding the terms and conditions of the employment arrangement, Plaintiffs traveled from Texas to Indiana to perform the agreed-upon detasseling work.

222.     Further acting in reasonable and detrimental reliance on Defendants' promises, Plaintiffs performed the detasseling work, which served to benefit Defendants.

223.     Defendants intentionally designed their promises regarding the terms and conditions of the employment arrangement to induce or tacitly encourage Plaintiffs to rely on those promises, and to act thereon, to their detriment.

224.     Plaintiffs' conduct in reliance on Defendants' promises was at all times known to Defendants.

225.     If Plaintiffs establish Defendants' liability, then Plaintiffs are entitled to compensation for their services provided in order to avoid the unjust enrichment of Defendants.

226.     If Defendants are liable to Plaintiffs, then Defendants are also liable for damages directly caused by Plaintiffs' reasonable and detrimental reliance on Defendants' promises.


**FIFTH CAUSE OF ACTION: *QUANTUM MERUIT***
**(CONTRACT IMPLIED-IN-LAW)**

227.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 226 of this complaint as if fully set forth herein.

228.     By detasseling corn for Defendants during the summers of 2009 and 2010, Plaintiffs provided valuable services to Defendants.

229.     Defendants accepted, used, and enjoyed Plaintiffs' services.

230.     By traveling to Indiana and performing the work, Plaintiffs notified and communicated to Defendants their expectation that they would properly be paid for such work.

231.     Despite accepting, using, and enjoying Plaintiffs' services, Defendants failed to pay Plaintiffs as agreed upon for their work, and Defendants were thereby unjustly enriched.

232.     Plaintiffs are therefore entitled to recover from Defendants in *quantum meruit*, to compensate Plaintiffs for the value of the services provided to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a.   Enter a declaratory judgment that Defendants violated Plaintiffs' rights under the AWPA;

b.   Enter a declaratory judgment that Defendants violated Plaintiffs' rights under the FLSA;

c.   Enter a declaratory judgment that Defendants breached Plaintiffs' employment contracts;

d.   Enter a declaratory judgment that Defendants are liable to Plaintiffs based on Plaintiffs' promissory estoppel claim;

e.   Enter a declaratory judgment that Defendants are liable to Plaintiffs based on Plaintiffs' *quantum meruit* claim;

f.   Award Plaintiffs their actual damages or, alternatively, statutory damages of $500.00 per person, per violation, for Defendants' violations of the AWPA;

g.   Award Plaintiffs their unpaid minimum wages, plus an equal amount in liquidated damages, and attorney's fees and cost of the court for Defendants' violations of the FLSA;

h.   Award Plaintiffs their actual, incidental, and consequential damages resulting from

Defendants' breach of contract;

i.   Award Plaintiffs their damages resulting from their reasonable and detrimental reliance

on Defendants' promises;

j.   Award Plaintiffs their attorneys' fees, reasonable expenses and costs of court pursuant to

29 U.S.C. §216(b);

k.   Award Plaintiffs prejudgment and post-judgment interest as allowed by law;

l.   Award costs of the court; and

m.   Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,


_/s/ Daniela Dwyer_
Daniela Dwyer
Attorney in Charge for Plaintiffs
Texas Bar No. 24040842
S.D. No. 1340753
Texas RioGrande Legal Aid, Inc.
300 South Texas Blvd
Weslaco, Texas 78596
Telephone: 956-447-4800
Fax: 956-968-8823


_/s/Kathryn Blair Craddock_
Kathryn Blair Craddock
Co-Counsel for Plaintiffs
Texas Bar No. 04969850
S.D. No. 903392
Texas RioGrande Legal Aid, Inc.
300 South Texas Blvd
Weslaco, Texas 78596
Telephone: 956-968-4800
Fax: 956-968-8823

CERTIFICATE OF SERVICE

I, Daniela Dwyer, hereby certify that on this 21st day of February, 2013, I caused a true and

correct copy of the foregoing document with all attachments to be served upon counsel of record

for all parties by filing a copy of the foregoing document with all attachments thereto, with the

Court by means of the Court's electronic case filing system  and, in the case of counsel for

Defendants Cuello and E&B, by facsimile transmission and certified mail:

Ricardo Morado
Counsel for Defendant Pioneer
ROERIG, OLIVEIRA & FISHER L.L.P.
855  W. Price Road, Suite 9
Brownsville, TX 78520
Fax:  956-542-0016

Moises Hernandez
Counsel for Defendants Abel Cuello, Jr. and E&B Harvesting & Trucking, Inc.
P.O. Box 2999
Harlingen, TX  78551-2999
Via Fax: 956-412-3220 and Certified Mail, RRR # 7012 2210 0000 2302 3317

Miguel Salinas
Counsel for Defendants Abel Cuello, Jr. and E&B Harvesting & Trucking, Inc.
325 E. Jefferson
Brownsville, TX 78520
Via Fax: 956-412-3220 and Certified Mail, RRR # 7012 2210 0000 2302 3287


                                        _/s/Daniela Dwyer_
                                        Daniela Dwyer